UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2626 PA (ADSx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Matthew Kenney v. Fifth Third Bancorp, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court are a Motion to Remand filed by plaintiff Matthew Kenney ("Plaintiff") (Docket No. 15) and a Motion to Dismiss or Transfer filed by defendants Fifth Third Bancorp ("Fifth Third") and Prepaid Expense Card Solutions, Inc. ("PEX") (Docket No. 19). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for May 5, 2025, and May 12, 2025, are vacated, and the matters taken off calendar.

I.   **Factual and Procedural Background**

Plaintiff, who is appearing pro se, originally filed the Complaint in Los Angeles County Superior Court on February 18, 2025. The Complaint asserts federal and state law claims against Fifth Third and PEX (collectively "Defendants") arising out of the alleged unauthorized transfer of funds from MK Cuisine Global, LLC ("MK Cuisine"), a restaurant group of which Plaintiff is CEO, by a former employee. Specifically, the Complaint asserts claims for: (1) professional negligence (against all defendants); (2) fraud and misrepresentation (against all defendants); (3) breach of contract (against Fifth Third); (4) aiding and abetting fraud (against all defendants; (5) unjust enrichment (against all defendants); (6) misrepresentation and obstruction (against all defendants); (7) violation of the Anti-Money Laundering Act, 18 U.S.C. § 1956 (against all defendants); (8) violation of the Know Your Customer Regulations (against PEX); and (9) violation of the Bank Secrecy Act, 31 U.S.C. § 5311.

Plaintiff served Fifth Third with the Summons and Complaint on February 24, 2025, and served PEX with the Summons and Complaint on February 27, 2025. Alleging that the Court possesses subject matter jurisdiction based on both federal question and diversity jurisdiction, Defendants filed their Notice of Removal on March 26, 2025. Plaintiff filed his Motion to Remand on March 28, 2025, challenging what he perceives as procedural defects in the Notice of Removal and otherwise seeking to have his state law claims tried in state court in the interests of comity. Plaintiff does not otherwise assert that the Court lacks subject matter jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2626 PA (ADSx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Matthew Kenney v. Fifth Third Bancorp, et al. | | |

based on either federal question or diversity jurisdiction. Defendants filed their Motion to Dismiss or Transfer on April 2, 2025. Fifth Third contends that Plaintiff has not alleged sufficient facts to establish that this Court possesses personal jurisdiction over it. Defendants also contend that Plaintiff lacks standing to personally sue for damages that are derivative of the harm allegedly suffered by MK Cuisine, that each of Plaintiff's claims fail to state a viable claim, and both Fifth Third and PEX seek transfer as a result of a forum selection clause in the PEX agreement requiring any action to be brought in New York in a court located in Manhattan.

**II.    Analysis**

Because the Court would have no need to address Defendant's Motion to Dismiss or Transfer if it granted Plaintiff's Motion to Remand, the Court will first address the Motion to Remand.

    **A.    Motion to Remand**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The removal statute also requires:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2626 PA (ADSx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Matthew Kenney v. Fifth Third Bancorp, et al. | | |

> adverse parties and shall file a copy of the notice with the clerk of
> such State court, which shall effect the removal and the State court
> shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

Although Plaintiff complains that Defendants filed the Notice of Removal on the last day it was timely for Fifth Third to do so, that is not a valid basis to remand the action to Los Angeles County Superior Court. Similarly, Defendants' serving the Notice of Removal on Plaintiff and filing a Notice with the state court within days of the filing of the Notice of Removal satisfies § 1446(d) requirements that those actions occur "promptly." Additionally, because Plaintiff does not dispute that the Court possesses both federal question and diversity jurisdiction over the action, Plaintiff's arguments regarding comity do not support remand. Plaintiff's initial difficulties in serving Defendants with the Summons and Complaint, his filings in state court prior to the removal, and his efforts to have the state court enter Defendants' defaults after removal, also do not provide a basis for the Court to grant Plaintiff's Motion to Remand.

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

**B.      Motion to Dismiss or Transfer**

Fifth Third's arguments concerning the Complaint's perceived failure to allege sufficient facts to establish this Court's personal jurisdiction over it does not apply to PEX, and involves a potential pleading deficiency that, at this early stage, would likely result at most in the Court granting leave to amend to allow Plaintiff an opportunity to plead additional facts in support of its exercise of personal jurisdiction over Fifth Third. Both Fifth Third and PEX also seek to have this Court consider both Plaintiff's potential lack of standing and the merits of Plaintiff's claims prior to considering enforcement of the forum selection clause contained in the PEX master services agreement. But like the personal jurisdiction issue, the standing and 12(b)(6) arguments might result in the granting of leave to amend. Moreover, if the forum selection clause applies, this Court is reluctant to make substantive rulings on the merits if it is the Southern District of New York that should ultimately resolve issues relating to the merits of Plaintiff's claims, particularly if New York law applies.

Although courts typically decide subject matter jurisdiction before personal jurisdiction, and personal jurisdiction before venue, the Supreme Court has ruled that courts possess the discretion to address questions of venue before resolving jurisdictional issues. See Ruhrgas AG

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2626 PA (ADSx) | | Date | April 25, 2025 |
|---|---|---|---|---|
| Title | Matthew Kenney v. Fifth Third Bancorp, et al. | | | |

v. Marathon Oil Co., 526 U.S. 574, 588, 119 S. Ct. 1563, 1572, 143 L. Ed. 2d 760 (1999) (holding that when an "alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction"); Leroy v. Great Western United Corp., 443 U.S. 173, 180, 99 S. Ct. 2710, 2715, 67 L. Ed. 2d 464 (1979) (holding that "when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue").

Because Fifth Third's personal jurisdiction analysis is not dispositive, and by moving in the alternative to transfer the action to the Southern District of New York, Fifth Third has consented to personal jurisdiction in that court, this Court will therefore first address the effort by Defendants to transfer this action to the Southern District of New York. The PEX master services agreement, which Plaintiff refers to in his Complaint, states:

> This Agreement will be governed by, construed and enforced in accordance with the laws of the State of New York, without regard to choice or conflict of law principles, and by the laws of the United States. Customer agrees and consents to the exclusive jurisdiction of the state and federal courts located in the Borough of Manhattan in New York City, New York in connection with any action or proceeding.

(PEX master services agreement at ¶ 17.) The "general terms and conditions" applicable to the PEX master services agreement provides that "'we,' 'us,' and 'our' shall mean collectively the Bank and PEX acting as service provider for to Bank" and defines the "Bank" to mean "the partner bank that issues the PEX Account and associated PEX Card," which in the circumstances alleged in the Complaint appears to be Fifth Third. The PEX general terms and conditions also state that "Customer acknowledges and agrees that the Bank is intended to be and is a third party beneficiary of this Agreement and entitled to enforce the rights of PEX under this Agreement." (PEX general terms and conditions at ¶ 17.)

Under 28 U.S.C. § 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." The section 1404 transfer analysis has two steps: (1) determining whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, determining whether transfer would serve the convenience of parties and witnesses and the "interest of justice." See 28 U.S.C. § 1404(a). The "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction. A court may transfer venue in response to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2626 PA (ADSx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Matthew Kenney v. Fifth Third Bancorp, et al. | | |

motion by either party in the case, or upon its own motion. See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993). However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989) (quoting Weight Watchers Int'l, Inc. v. Stouffer Corp., No. 88 CIV 7062 (MBM), 1989 WL 73292, at *4 (S.D.N.Y. June 28, 1989)).

"Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 571 U.S. 49, 59, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Id. at 62. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 59-60 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (Kennedy, J., concurring)).

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." Atl. Marine, 571 U.S. at 63. "First, the plaintiff's choice of forum merits no weight," and instead "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. at 63. Second, the court "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. at 64. Finally, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id. Upon transfer, "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." Id. at 65-66.

Federal law determines the validity and enforceability of a forum-selection clause. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009); LaCross v. Knight Transp., Inc., 95 F. Supp. 3d 1199, 1203 (C.D. Cal. 2015). "[F]orum section clauses are presumptively valid." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (discussing Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); and citing Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 868 (9th Cir. 1991)). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" Id. (quoting Bremen, 407 U.S. at 15). There are "three reasons that would make enforcement of a forum selection clause unreasonable: (1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-2626 PA (ADSx) | Date | April 25, 2025 |
|---|---|---|---|
| Title | Matthew Kenney v. Fifth Third Bancorp, et al. | | |

the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" Id. (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998)); see Petersen v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013). "[A] party opposing enforcement of a forum selection clause must show that the inclusion of the forum clause itself was the product of fraud or overreaching." Joseph v. Amazon.com, Inc., No. C12-06256 HRL, 2013 WL 4806462, at *5 (citing Richards, 135 F.3d at 1297); see also Batchelder v. Kawamoto, 147 F.3d 915, 919 (9th Cir. 1998).

Plaintiff's Opposition does not address the forum selection clause or otherwise provide any reason why it should not be enforced. Plaintiff has provided no evidence that the inclusion of the forum selection clause itself was the result of fraud. See Richards, 135 F.3d at 1297. Nor has Plaintiff otherwise met his "heavy burden" to call into question the presumption of validity of the forum selection clause or established that he would be deprived of his day in court or that public policy would be contravened should the forum selection clause be enforced. See Murphy, 362 F.3d at 1140. The Court therefore concludes that the forum selection clause contained in the PEX master services agreement applies to Plaintiff's claims against both PEX and Fifth Third and is otherwise valid and enforceable. As a result, the Court grants Defendants' Motion to Transfer and transfers this action to the United States District Court for the Southern District of New York.

## Conclusion

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand, declines to address the arguments in Defendants' Motion to Dismiss, and grants Defendants' Motion to Transfer. The Clerk is ordered to transfer this action to the United States District Court for the Southern District of New York. The Scheduling Conference currently calendared for May 12, 2025, is vacated.

IT IS SO ORDERED.